Polenqueen v. McAllaster.

---

RAZER E. POLENQUEEN *et al.* v. B. A. MCALLASTER.

No. 11,954.* ( 67 Pac. 826.)

SYLLABUS BY THE COURT.

1. TAXATION — *Holder of Tax Deed Defeated in Action — Lien for Legal Taxes Only.* Where the holder of a tax deed is defeated in an action by or against him for the recovery of property, he is only entitled to a judgment lien against the real estate for such taxes as have been legally assessed against and are chargeable to such real estate and paid by him, together with all charges for selling and conveying the property authorized by law, with interest thereon at the rate provided by the statute.

2. ———— *Personal Judgment for Taxes Erroneous.* When the holder of a tax deed is defeated in an action by or against him for the recovery of property, it is error for the court to render a personal judgment against the owner for the amount of taxes paid by the holder of the tax deed.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-

*For opinion by court of appeals, see 10 Kan. App. 140, 62 Pac. 440.—REP.

ELROY, judges. Opinion filed February 8, 1902. Reversed.

*C. W. Trickett*, for plaintiffs in error.
*Thos. J. White*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The defendant in error sued Razer E. Polenqueen and others in the district court of Wyandotte county in ejectment for the possession of that part of lot C, block 6, north of central avenue, in Riverview, Kansas City, Kan.

The plaintiff's title was a tax deed, which was held to be invalid and set aside, and he was adjudged to have a lien upon said real estate for the full amount paid in securing said tax deed as well as that paid thereafter by the holder of the deed, amounting to the sum of $1404.12, and a personal judgment was rendered against the defendants for such sum.

The plaintiffs in error prosecuted proceedings to the court of appeals, where the judgment was affirmed, and, upon application, the cause was certified to this court.

The complaints are that the court erred (1) in decreeing a lien upon the real estate for the amount paid by the tax-deed holder; (2) in rendering a personal judgment against plaintiffs in error for such taxes.

It appears from the evidence that a large amount of this tax was special assessments for grading and paving Seventh street and for paving Riverview boulevard; that in 1890 a special assessment was made against lot 13, and in 1891 a like assessment of $81.54; and that these assessments were each year by mistake of the county clerk carried onto the tax-rolls and charged against lot C, added to its taxes, and included

in the amount for which the court decreed a lien on that part of lot C which is in controversy.

Real estate is only liable for taxes which are regularly and legally assessed upon it by the proper authorities. A county clerk has no power to make an assessment or to change that made by the proper officers. It is his duty to carry out the assessments made and charge the amounts to the different tracts or parcels of land upon which the particular assessments are made. As to the amount thus erroneously charged against lot C, there can be no justification either in law or equity for decreeing it a lien on the lot in question.

It is contended that after the taxes and assessments were assessed against lot C, the city extended Central avenue 100 feet wide north and south through said lot, and thereafter the county clerk undertook to apportion the taxes and above-mentioned illegal charges on lot C between that part north of Central avenue and that part south thereof, and it is claimed, and not denied, that he charged that part south of Central avenue with a large portion of the entire taxes and illegal charges placed upon said lot, and in addition thereto charged the entire amount of all of said taxes and illegal charges against that part of lot C north of Central avenue, thus doubling its legal taxes and also doubling these illegal charges, and that these amounts so charged to that portion of said lot north of Central avenue were all included in the tax lien awarded defendants in error.

It is said that this is justified by the following provisions of section 7681, General Statutes of 1901:

"If the holder of a tax deed . . . be defeated in an action by or against him for the recovery of the land sold the successful claimant shall be adjudged to pay to the holder of the tax deed, . . . before said

claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and costs,'' etc.

This statute does not contemplate a charge against real estate made by one other than the person or body to whom authority has been delegated to assess taxes, nor charges which were not legally assessed against such property; nor does it contemplate the doubling of the actual taxes assessed for the same taxing period, nor any illegal assessments or charges which the state could not have enforced against the property. Within the meaning of this statute, when the tax-deed holder is defeated, he is only entitled to a judgment lien against the property for such taxes as have been legally assessed against it and which have been paid by him, and all legal and proper charges for selling and conveying the property, together with interest thereon at the rate provided by the statute.

A personal judgment was rendered against plaintiffs in error for the total amount so paid by the tax-deed holder. There are no provisions in the law authorizing such judgment.

The judgment of the district court, as well as that of the court of appeals, is reversed, and the cause remanded for a new trial.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.